# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv229

| | |
|---|---|
| CLAUDINE PANNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 15]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** the decision of the Commissioner.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits and an application for supplemental security income on August 21, 2011. (Transcript of

Administrative Record ("T.") 79-80.) Plaintiff alleged an onset date of July 25, 2011. (T. 151, 153.) The Social Security Administration denied Plaintiff's claims. (T. 103-07.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 108-18.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 34-58.) The ALJ then issued a decision finding that Plaintiff was not disabled from July 25, 2011, through the date of the decision. (T. 18-29.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-5). Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits her ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his May 6, 2013, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since July 25, 2011. (T. 29.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Security Act through September 30, 2013.

(2) The claimant has not engaged in substantial gainful activity since July 25, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: coronary artery disease, status post myocardial infarction with coronary artery bypass grafting times four, asthma, obesity, depression and anxiety. (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with occasional postural such as climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling, and no climbing of ropes or ladders; avoid concentrated exposure to pulmonary irritants; and is able to understand, remember and carry out simple and detailed instructions.

(6) The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on May 10, 1973 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968.)

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from July 25, 2011, through the date of this

decision (20 CFR 4041520(g) and 416.920(g)).

(T. 18-29.)

IV. **Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

> The ALJ found that Plaintiff had the RFC to perform:
>
> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with occasional postural such as climbing ramps/stairs, balancing, stooping, kneeling, crouching, crawling, and no climbing of ropes or ladders; avoid concentrated exposure to pulmonary irritants; and is able to understand, remember and carry out simple and detailed

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

instructions.

(T. 26.) Plaintiff contends that the ALJ erred in determining her RFC because the ALJ failed to take into account Plaintiff's limitations in social functioning. The Court agrees.

The ALJ determined that Plaintiff suffered from depression and anxiety, and that these impairments were severe. (T. 20.) Although, the ALJ determined that none of Plaintiff's impairments met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, the ALJ determined that Plaintiff had moderate difficulties in social functioning. (T. 24-5.) In addressing Plaintiff's RFC, however, the ALJ failed to address these limitations in social functioning or explain why these limitations in social functioning did not translate to work related limitations in Plaintiff's RFC. As the Fourth Circuit explained in <u>Mascio v. Colvin</u>, 780 F.3d 632, 638 (4th Cir. 2015), in addressing a similar situation regarding limitations in concentration, persistence, or pace:

> Perhaps the ALJ can explain why [claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [claimant's] residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [claimant's] ability to work . . . But because the ALJ here gave no explanation, a remand is in order.

Similarly, remand is required in this case because the ALJ failed to return to

any discussion of Plaintiff's limitations as to social functioning after making a determination that Plaintiff did not meet a listed impairment. Although the ALJ's findings at step two and three may not require an RFC that imposes any additional limitations for social functioning, the ALJ must at least provide a sufficient explanation in the decision to allow this Court to conduct meaningful review of the RFC determination. See Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) ("Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate."); Reinhardt v. Colvin, No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) ("Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered."). As the United States District Court for the Middle District of North Carolina recently explained in remanding a case for the ALJ to specifically address the claimant's moderate limitations in concentration, persistence, and pace:

> it is unclear to this Court whether the ALJ concluded that [claimant's] moderate limitations in concentration, persistence, or pace had no impact on her disability, in which case he should say so, or whether he simply failed to consider it at the RFC stage and at steps four and five.

> While the Court recognizes that the RFC is the ALJ's province, he must make clear to this Court that he considered all of [claimant's] impairments in formulating the RFC and at steps four and five. . . . [A] necessary predicate for this Court to engage in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. Because the ALJ failed to address [claimant's] ability to stay on task as required by Mascio, remand is required.

Salmon v. Colvin, No. 1:12CV1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015).

The Court finds that based on the Fourth Circuit's recent decision in Mascio, remand is similarly required in this case for the ALJ to specifically address Plaintiff's limitations in social functioning in formulating Plaintiff's RFC. It is not for this Court to determine Plaintiff's RFC, and the Government's may not avoid remand by offering after the fact rationalizations for the ALJ's decision. Nor will the Court speculate as to what the ALJ did or did not consider. The RFC determination is for the ALJ, and the decision must provide sufficient reasoning to allow this Court to conduct meaningful review. Because the ALJ failed to address how, if at all, Plaintiff's moderate impairments in social functioning impact her RFC, remand is required in this case. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [# 11] and **REMAND** this case for further proceedings.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: August 31, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).